USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2126 TENNESSEE GAS PIPELINE COMPANY, Plaintiff - Appellee, v. 104 ACRES OF LAND, MORE OR LESS, IN PROVIDENCE COUNTY, STATE OF RHODE ISLAND, Defendant - Appellee, WALTER R. AND CLARA J. LAWRENCE, JUDITH B. MOREAU, ET AL., Defendants - Appellants. ____________________ No. 94-1283 TENNESSEE GAS PIPELINE COMPANY, Plaintiff - Appellee, v. WALTER R. LAWRENCE; CLARA J. LAWRENCE; JUDITH B. MOREAU, Defendants - Appellants. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ _____________________ Morton L. Simons, with whom Barbara M. Simons, Simons & _________________ __________________ _________ Simons, Robert S. Bruzzi and Law Office of Robert S. Bruzzi, were ______ ________________ ______________________________ on brief for appellants. Paul M. Sanford, with whom Kathryn S. Holley, Christine M. _______________ __________________ ____________ Gravelle, Peter V. Lacouture and Tillinghast Collins & Graham, ________ ___________________ _____________________________ were on brief for appellee. ____________________ August 24, 1994 ____________________ -2- TORRUELLA, Circuit Judge. Defendants Judith Moreau and _____________ Walter and Clara Lawrence ("the landowners") appeal the district court's thirty percent reduction of an award of attorneys' fees based upon a failure of the landowners' counsel to adequately document the charges. The landowners also appeal the district court's failure to include certain costs and prejudgment interest in the award, and the district court's denial of a subsequent fee application seeking reimbursement for fees and expenses incurred in prosecuting the initial fee application. We affirm in part and reverse in part. I. I. BACKGROUND BACKGROUND __________ The facts of this case are set forth with greater detail in the district court's opinion regarding the principal fee application in Tennessee Gas Pipeline Co. v. 104 Acres of ___________________________ _____________ Land, 828 F. Supp. 123 (D. R.I. 1993). In 1986, plaintiff- ____ appellee Tennessee Gas Pipeline Co. ("Tennessee Gas") sought a certificate of public convenience from the Federal Energy Regulatory Commission ("FERC") to allow Tennessee Gas to construct facilities for the transmission of natural gas on the landowners' property. In May 1989, FERC issued Tennessee Gas a conditional certificate for construction on the property. In December 1989 and February 1990, Tennessee Gas brought eminent domain proceedings in the district court against the landowners, seeking to obtain rights-of-way and a portion of their land in order to construct and maintain the natural gas pipeline. The -3- landowners retained counsel to intervene in the FERC proceeding and requested FERC to modify its May 1989 certificate by rerouting the final leg of the proposed line to utilize existing rights-of-way. After proceedings in the district court and a proceeding before FERC, Tennessee Gas changed the route of its pipeline and dismissed the eminent domain proceedings against the landowners. The landowners moved for costs and attorneys' fees, pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("Relocation Act"), 42 U.S.C. 4601 et __ seq. On August 25, 1993, the district court awarded the ____ landowners attorneys' fees but disallowed thirty percent of the fees requested by the law firm of Simons & Simons ("Simons"), one of the two firms that represented the landowners, because it found that the firm failed to adequately document its charges. Tennessee Gas paid the fee award on September 7, 1993. On September 22, 1993, the landowners filed a supplemental fee application seeking reimbursement for fees and expenses incurred in prosecuting the principal fee application during the period from April 29, 1992, to March 1993. On September 24, 1993, the landowners filed a notice of appeal from the district court's order with respect to the principal fee application. On March 2, 1994, the district court entered judgment denying the supplemental fee petition because the court determined that the petition was untimely. The landowners appealed the March 2 order. In April, this court ordered that both appeals be -4- consolidated. -5- II. II. DISCUSSION DISCUSSION __________ A. Reduction in Attorneys' Fees A. Reduction in Attorneys' Fees The landowners sought an award of costs and attorneys' fees under 42 U.S.C. 4654, which provides that in a condemnation action abandoned by the condemnor, the court "shall award" the property owner "such sums as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney . . . fees, actually incurred because of the condemnation proceedings." The landowners contend that because Section 4654 uses the mandatory language "shall award," an award of attorneys' fees under this section is not discretionary, and a landowner's computation of hours should be accepted even if there is insufficient documentation absent a specific showing of abuse. We disagree. Section 4654 provides for the reimbursement of "reasonable" costs and fees. This Court's opinions "have left reasonably open the question of precisely how the judge ascertains the number of hours reasonably expended" by counsel on a case in which attorneys' fees are sought. United States v. ______________ Metropolitan Dist. Com., 847 F.2d 12, 16 (1st Cir. 1988) _________________________ (internal quotations and citation omitted). "What we expect the trial court to do is make concrete findings, supply a clear explanation of its reasons for the fee award, and most of all, retain a sense of overall proportion." Id. (internal quotations ___ -6- and citations omitted). Accordingly, we review the district court's fee award for abuse of discretion. Foley v. Lowell, 948 _____ ______ F.2d 10 (1st Cir. 1991). The district court indicated that it would employ the lodestar analysis in determining the reasonableness of the fee applications. Tennessee Gas Pipeline Co., 829 F. Supp. at 128. ___________________________ "If an alternative method is not expressly dictated by applicable law, we have customarily found it best to calculate fees by means of the [lodestar] time and rate method. . . ." Weinberger v. __________ Great Northern Nekoosa Corp., 925 F.2d 518, 526 (1st Cir. 1991). _____________________________ Because Section 4654 does not dictate an alternative method to calculate fees, the district court's use of the lodestar method was proper. Where a district court applies the lodestar method, the fee-seeker must usually provide a particularized account of his claim. Id. at 527. "[T]he absence of detailed contemporaneous ___ time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 ___________________ ______ (1st Cir. 1984). In order for litigants to receive fee awards, this court has required that they submit "a full and specific accounting of the tasks performed, the dates of performance, and the number of hours spent on each task." Weinberger, 925 F.2d at __________ 527 (internal quotations and citations omitted). The district court found that the Simons' time sheets were not sufficiently detailed to enable the court to determine -7- whether the fees were excessive or duplicative. The district court stated that "[t]he time summaries are replete with time charges for such matters as 'Confer with co-counsel,' 'Confer with client,' 'Review materials,' Review documents,' and 'Legal Research' without any indication of the subject matter involved." The district court explained that in addition to making it impossible for the court to gage whether the task performed was warranted, the failure to include some description of the subject matter of the task made it impossible to determine if the time factor allocated was appropriate or excessive. The district court also found that discrepancies in Simons' submissions raised questions as to their accuracy and whether such records were kept contemporaneously. The district court clearly explained its findings and the court was justified in reducing the fee award. The court did not abuse its discretion by reducing the award of fees claimed by Simons by thirty percent. We therefore affirm the district court's reduction of Simons' attorneys' fees. B. Prejudgment Interest and other Costs B. Prejudgment Interest and other Costs In the proceedings before the district court, the landowners requested interest on fees and costs from April 29, 1992, the date they had filed their motion for fees and costs. The request for prejudgment interest was opposed by Tennessee Gas. The district court's opinion makes no mention of prejudgment interest and the district court's judgment did not include any prejudgment interest. The landowners also contend that the district court, without comment and apparently -8- inadvertently, failed to include in the award an item of $889 for two "round-trip" airfares between Washington, D.C., and Providence, R.I., to permit counsel for the landowners to attend a settlement conference and a meeting on the Tennessee Gas project. According to the landowners, the vouchers for these trips, accompanied by an affidavit describing the purpose of the trips, were submitted to the district court and served on counsel for Tennessee Gas on March 12, 1993. Because the district court did not advance any reasons for its denial of the landowners' request for prejudgment interest, or the cost of the airline tickets, we will remand this case to the district court so that it may determine whether the landowners are entitled to prejudgment interest and to reimbursement for the cost of the airline tickets. C. Supplemental Fee Application C. Supplemental Fee Application In its memorandum and order denying the landowners' supplemental fee application, the district court indicated that ordinarily a litigant should have one opportunity to obtain fees, but that "[t]here is no reason why a pending application may not be supplemented to the time the court acts on the application." The court acknowledged that there is no stated time requirement for filing fee applications included in 42 U.S.C. 4601, et __ seq., but stated that there must be some time limit within which ____ applications must be filed. The court pointed out that the Supreme Court has indicated that fee applications should not result in secondary litigation, Commissioner, I.N.S. v. Jean, 496 ____________________ ____ -9- U.S. 154, 163 (1990), and that the First Circuit has embraced this principle, Par s v. U.S. Dept. of Housing & Urban Dev., 988 _____ __________________________________ F.2d 236, 241 (1st Cir. 1993). The district court stated that "if [the landowners'] application was approved, it must be expected that a third application will be made for the services rendered in connection with this second application." The court then pointed out that "[h]ere the second application was filed September 12, 1993, 29 days after the court's formal order allowing the first petition, more than two months after the court filed its opinion, six months after the last of the services were rendered, and seventeen months after the beginning of the period for which [the landowners] seek reimbursement." The court stated that "[e]xcept in unusual circumstances not present in this case, application for reimbursement for legal services rendered before the court determines a fee application should be made before the court acts on the application, otherwise reimbursement should be foregone." The court then concluded that the second application for fees came too late. The landowners contend that neither the Uniform Real Property Acquisition Policies Act nor any other applicable statute imposed a time requirement for filing a fee application, and therefore, by denying their application as untimely, the district court in effect enunciated a new rule which it unfairly applied retroactively to the landowners. In support of their position, the landowners argue that the amount of the supplemental fee claim was unknown at the time the principal fee -10- application was submitted, and the landowners could not have known precisely what the amount of this claim was until the principal application was resolved. Therefore, they could not determine the amount, or submit a supplemental fee application until they had been awarded fees. The landowners also contend, and the record shows, that they advised the court on March 3, 1993 -- 4 1/2 months before its preliminary fee application and almost six months before the court entered its judgment regarding the preliminary fee application -- that they would submit a supplemental fee application at the appropriate time. We agree with the district court that there must be some time limit within which a party must file an application for supplemental fees, and we believe that it is reasonable to require, absent any other statutory mandate, that where possible, such application be made before the court acts on the principal fee application. In the present case, however, where the district court had not previously articulated this novel requirement, where the landowners had advised the court in writing of their intention to file a supplemental fee application, and where Congress has directed district courts to award landowners their reasonable costs and attorneys' fees incurred because of aborted condemnation proceedings, we agree with the landowners that it would be unfair, and would contravene the Congressional purpose, to apply the district court's requirement retroactively. We therefore vacate the district court's order denying -11- the landowners' supplemental fee application, and remand for the district court to determine the reasonable fees to be awarded. We further order that any application for fees in connection with this second application be submitted to the district court before the district court acts on the second application. Affirmed in part; vacated and remanded in part. ______________________________________________ -12-